Mobphy, J.
delivered the opinion of the court.
This is an action on two policies of insurance executed by defendants on the brig Mary Ann and her cargo. The petition alleges that the said vessel being in every respect seaworthy departed from New Orleans on the 8th of May, 1838, bound to Savannah and loaded with a cargo of produce, consisting of corn, flour and bacon; that in the progress of the voyage the ship and cargo suffered damage by reason of the perils insured against, to wit, the perils of the sea; the said vessel having been driven out of her course by violent winds and currents, and having struck the bottom on the Bahama Banks, which caused her to leak very badly and injured her cargo; that not-[78] withstanding this accident the vessel and cargo arrived at Savannah, where a survey was held, in consequence of which the vessel was ordered to be repaired, and 729 sacks of damaged com were ordered to be sold. The petition further charges that the injury sustained by the brig amounted to $1053 55, and the loss on the cargo to $346 33, making together the sum claimed of defendants.
The answer admits the execution of the policies, hut avers that the brig Mary Ann was not seaworthy when she left New Orleans; hut that she was *409 ■unsound and that the losses sustained were not caused by the perils insured against.
There was judgment below for the plaintiff and the defendants appealed.
Two statements annexed to the petition exhibit the separate amounts of the loss on the cargo and of the repairs made to the vessel by order of the surveyors at Savannah. As to the claim for loss on the cargo there seems to be little or no dispute; but it is contended in relation to the repairs that they were not all rendered necessary by the perils insured against, but from natural wear and tear. The evidence shows that this vessel though old was sound and seaworthy when she sailed from ÍTew Orleans; that she encountered at sea some stress of weather which began to make her leak, but that having afterwards grounded and struck violently several times on the Bahama Banks, it became difficult to keep her free; that on being hauled up for examination at Savannah, her waist planks were found to be rotten and worm-eaten, a large piece of her keel knocked off, her rudder broken, the butts started, &c. As to what repairs had become necessary from wear and tear, and what were directly occasioned hy the accident, the testimony is somewhat variant. One witness, who had acted as a surveyor, declares that the only rotten and decayed parts of the brig were her waist planks, that in other respects she was found staunch and sound; and that all the repairs done to her were necessary from the injuries received at sea, except as relates to her waist planks. Another says that the chief part of the repairs became [79] necessary in consequence of the vessel being old and her sheathing decayed and rotten, though her timbers were sound. From 'all the testimony in the record on this head it would be difficult indeed to separate and class the repairs occasioned directly by the accident from those proceeding from decay and rottenness; the vessel being old the repairs must necessarily have been more expensive than those which the same accident would have rendered necessary in a new one, but as she is represented by most of the witnesses to have been sound and strong, she could have run a long time without any absolute want of repairs, but for the injury sustained. The defendants are, we think, bound to defray all the expense of placing her in statu quo. On examining the statement of the repairs ordered by the surveyors, we find the ordinary allowance made of one third of new for old, as also a deduction of $150 for the waist planks, which being rotten were considered a proper charge against the owner. Upon the whole we find nothing which makes it our duty to reverse the judgment complained of. The appellee has prayed for damages. We do not consider this a proper case to allow any; although the defendants have introduced no witnesses, there are some parts of plaintiff’s evidence which might well have induced the hope of having the case remanded.
The judgment of the commercial court is therefore affirmed with oosts.